White, J.
Stetson sued Walker in the court of common pleas of Cuyahoga county, in January, 1857, on two bills of exchange-, which Stetson alleged he had been compelled to pay, and take up as the accommodation indorser of Walker.
The case was taken to the district court by appeal.
The bills were both drawn at Cleveland, in this State, by Walker, payable to his own order, at the Ocean Bank in the ■city of New York, three months after their respective dates, .and were addressed “To John T. Gfleason, Esqr., No. 115 ■ Chambers Street, New York.”
The bills were indorsed by Walker and by Stetson, and 'discounted by Mygatt & Brown, as Stetson alleged, for the 'Sole benefit of Walker.
The bills as they respectively matured, were presented at rthe Ocean Bank and payment demanded, which was refused; -but neither of them was presented to the drawee for acceptance, nor was he notified by the holders, Mygatt & Brown, ■ or otherwise, of the existence of the bills, or of their present•ment at the bank for payment. The bills were duly protested for non-payment.
On the trial in the district court, Walker, the defendant, *403 asked the court to instruct the jury, “ that to entitle Stetson to recover, the jury must find that the bills of exchange were presented either personally, or at 115 Chambers Street, to Mr. Gleason, the drawee, for acceptance; and that presentment of them at the Ocean Bank for payment on the day of their maturity, would not be, in law, a sufficient presentment for acceptance.”
This instruction was refused, and in respect to it the court charged, “ that- a presentment for acceptance to the drawee personally, or at 115 Chambers Street, was not necessary; but that a presentment at the bank where said bills were payable, at the proper time, for payment, would be a sufficient presentment of the bills.”
Numerous 'other charges were asked, some of which, with or without qualifications, were given to the jury, and others refused; but as their materiality, as respects the case made in the record, depends upon the assumed error of the court in its charge and refusal to charge as above stated, it is not necessary to set them out.
A verdict having been rendered for the plaintiff below, the refusal of the court to grant a new trial on the ground that the verdict is not sustained by sufficient evidence, is likewise assigned for error; and the present petition in error is filed by Walker,'the defendant below, to obtain the reversal of the judgment rendered on the verdict.
The material question in the case is, whether, in the absence of an acceptance, the presentation of the bills at the Ocean Bank for payment was a sufficient presentment of the bills to charge the drawer and the indorser. ..
In our opinion it was. The theory of a bill of exchange is, that it is drawn on funds to be provided by the drawer. From this it would seem to follow, that, where the drawer, in the bill appoints a time and place of payment, it is his duty to see that funds are provided at the appointed time and place to pay it. And, if this is so, the duty of the holder in respect to demanding payment would seem to be performed by a presentment in due time, at the designated place.'
It is not denied that this would be true in the case of an *404 accepted bill; but it is contended that the holder is bound to make presentment to the drawee for acceptance, and that his failure to do so discharges the antecedent parties.
We do not so understand the law. It is true that where a bill is made payable within a specified time after sight, it is necessary, in order to fix the period when it is to be paid, to present it to the drawee for acceptance, otherwise the time of payment would never arrive; but when it is payable at a specified date or at a certain period after date, no presentment for acceptance is necessary. Byles on Bills, side pp. 139, 168; Story on Bills, sec. 228; Bank of Washington v. Triplett, 1 Peters' S. C. R. 25; Townsley v. Sumrall, 2 ib. 170.
And in O'Keefe v. Dunn (6 Taunton, 308), Dallas, J., in speaking of the nature of the contract arising from the drawing of a bill payable at a future specified date, says, “ He [the drawer] does not stipulate for himself that it shall be presented for acceptance, nor does the law impose such an obligation on the payee. The drawer, therefore, must be considered as contented to rest in ignorance, whether it has been accepted or not, till the bill becomes due. And whether presented or not, depends upon the casualty of how the holder of the bill may choose to proceed.”
The strong probability from the evidence is, that the nonpayment of the bills resulted from the fact that the drawee was not advised of the drawing of the bills. He states that he was in funds, and would have paid them had he been so advised.
The question is, whose duty was it to have given him this advice. It seems to us it was the duty of the drawer, for whom the drawee was expected to act in making the payment.
The words “ No. 115 Chambers Street,” added to the name of the drawee, we regard as descriptio persones. They imposed no additional obligation on the holder in respect to requiring presentment of the bills for acceptance, from what would have existed had the words been omitted. *405 They were merely intended to direct the holder, if he desired to have the bills accepted, where to seek the drawee.
As to the assignment of error that the verdict is not supported by sufficient evidence, it is enough to say, we find no grounds which would justify a reversal of the judgment.

Judgment affirmed.

Bbinkerhoff, C.J., and Scott, Welch, and Day, JJ., concurred.